# EXHIBIT A



## State of Tennessee
### IN THE CHANCERY COURT FOR BRADLEY COUNTY

JAMES F. JUSTICE
                                        PLAINTIFF.

VS.                                     DOCKET NO. 2018-CN-312

LEE UNIVERSITY
                                        DEFENDANT

## SUMMONS

TO DEFENDANT: LEE UNIVERSITY

WHOSE ADDRESS IS:  REGISTERED AGENT – CHRIS H. CONNIE, 1120 N. OCOEE ST., CLEVELAND, TN 37311-4458

OTHER SERVICE INFORMATION _____

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 155 N. Ocoee Street, Cleveland, Tennessee 37311. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 19 day of September , 2018 .

Holly Thompson
~~SARAH E. COLEMAN,~~ CLERK & MASTER

By: Morgan Thompson
DEPUTY CLERK & MASTER

Joshua Ward                    031329

Plaintiff' Attorney                    BPR#
or Plaintiff if no attorney (*pro se*)

Massey & Associates, P.C.
Address

6400 Lee Highway, Suite 101

Chattanooga, TN 37421

423-697-4529                    423-634-8886

Tel. NO.                        Fax NO.

### NOTICE TO DEFENDANT(S)
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SUMMONS RETURN

I received this summons on _9-25-18_ I certify and return that on _9-25-18_, I
(Date)                                    (Date)

☑ served this summons and a complaint on defendant, _Chris Conlue_
(Printed Name of Defendant)

in the following manner: _In Person_

_____

_____

☐ failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

_Brent Runyon_                        _[signature]_
Process Server Name (Printed)            Process Server Signature

_____
Address

[Form 114, Rev 2008.01.22]

## IN THE CHANCERY COURT OF BRADLEY COUNTY
## STATE OF TENNESSEE

JAMES F. JUSTICE,

     Plaintiff,

vs

LEE UNIVERSITY,

     Defendant.

Docket No. 2018-CV-312

Division:

**JURY DEMANDED**

---

## COMPLAINT

     James F. Justice by and through counsel, hereby sues the Defendant, Lee University for disability discrimination and retaliatory discharge under the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq. For his cause of action, Plaintiff states as follows:

<u>PARTIES</u>

1.    Plaintiff James F. Justice is an adult citizen and resident of Bradley County, Tennessee. Mr. Justice was employed by Defendant from February 22, 2017 until his termination on September 19, 2017.

2.    Defendant, Lee University, is a Tennessee Nonprofit corporation with its Tennessee registered agent located at 1120 N. Ocoee Street, Cleveland, TN 37311-4458. Defendant employed Mr. Justice at a location in Bradley County, Tennessee, at times relevant to this Complaint.

2018 SEP 19 PM 1:36
FILED CHANCERY COURT
CLERK & MASTER
HOLLY THOMPSON

## JURISDICTION AND VENUE

3.     Jurisdiction and venue are proper in this Court because Defendant is doing business in Bradley County, Tennessee, and because a substantial part of the events or omissions giving rise to this cause of action occurred in Bradley County, Tennessee.

## FACTUAL ALLEGATIONS

4.     Defendant employed Plaintiff from February 22, 2017, until he was terminated on September 19, 2017.

5.     Mr. Justice was employed by Defendants as a campus security guard.

6.     During the time that Mr. Justice was employed by Defendant, Tyler Allen was employed by Defendant in a position of management and was Mr. Justices' supervisor.

7.     Mr. Justice was experiencing chest pains at work on September 3, 2017, and was sent home by Tyler Allen and told he could not return to work without a doctor's note.

8.     Mr. Justice is a veteran with a service-related disability and receives his medical services through the Veteran's Administration.

9.     Mr. Justice promptly contacted the VA to schedule an appointment with his doctor and reported to Mr. Allen that he had an appointment on September 8, 2017.

10.    Mr. Justice's saw his VA doctor on September 8, 2017. The doctor ordered a stress test. Mr. Justice reported this to his supervisor and advised his supervisor that he had an appointment for a stress test with the VA on September 15, 2017.

11.    On September 8, 2017, Mr. Justice also directly contacted Defendant's HR Department and told them about his potential medical condition.

12.    On September 12, 2017, Mr. Justice's supervisor, Tyler Allen texted him saying, "What are your thoughts, you feel you could return back and not have any more heart issues?" Mr. Justice responded saying, "Yes, I feel I can do the job with no problems." Mr. Allen then stated,

"Cool. Let's get that test out of the way and a return to work letter that relates to the job description and get back at it." Mr. Justice replied, "Yes Sir, I can't wait to get back."

13.      On September 15, 2017, Mr. Justice advised his supervisor that he would not be released back to work until the results of the stress test were back.

14.      On September 18, 2017, Mr. Justice advised his supervisor that his results were normal and told him that he would be able to pick up the paperwork from his doctor either Tuesday, September 19, 2017 or Wednesday, September 20, 2017.

15.      On September 19, 2017 Mr. Justice advised his supervisor that he had received a call from his doctor's office saying he could pick up the work release note the next day, September 20, 2017. Mr. Allen responded by asking Mr. Justice if he could come in that afternoon, September 19, 2017. Mr. Justice immediately went in as requested.

16.      When Mr. Justice arrived at Tyler Allen's office on September 19, 2017, he was told that he could either resign or be fired because he had violated the leave policy. He was told that if he did not resign by Friday of that week he would be terminated.

17.      Mr. Justice was terminated on September 22, 2017 after not providing a letter of resignation. The reason listed on the separation notice for Mr. Justice's termination was simply, "Terminated."

<u>CAUSE OF ACTION</u>

18.      Plaintiff alleges that Defendant discriminated against him, and discharged him because of his disability in violation of the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

19.      Plaintiff alleges that Defendant retaliated against him for engaging in a protected activity related to his disability in violation of the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

20. At all times relevant herein Defendants employed over 8 persons.

21. Mr. Justice had a disability or had a history of having a disability or was perceived by defendant as having a disability within the meaning of the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

22. Mr. Justice was capable of performing the essential functions of the position of Security Officer as well as other positions available with Defendant.

23. Defendant failed to provide reasonable accommodations for Mr. Justice, failed to appropriately engage in the interactive process and terminated him for engaging in the interactive process.

24. As a result of Defendant's culpable acts or omissions as set forth herein, Mr. Justice was improperly discriminated against and is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, and attorneys' fees and costs.

## WHEREFORE PLAINTIFF PRAYS:

(a) That Plaintiff be awarded compensation in an amount to be determined at trial for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses;

(b) That the Court award Plaintiff the attorneys' fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law.

(c) The Court award the Plaintiff such other, further, and general relief to which he may be entitled.

(d) That a JURY be empaneled to try this action.

This _19_ day of September 2018.

Respectfully submitted,
MASSEY & ASSOCIATES, PC

By: _____
Joshua Ward BPR No.: 031329
6400 Lee Highway, Suite 101
Chattanooga TN 37421
Phone: (423) 697-4529
Fax:    (423) 634-8886
Attorney for Plaintiff

# IN THE CHANCERY COURT OF BRADLEY COUNTY
## STATE OF TENNESSEE

JAMES F. JUSTICE,

    Plaintiff,

vs

LEE UNIVERSITY,

    Defendant.

Docket No. 2018-CV-312

Division:

JURY DEMANDED

---

## COST BOND

---

    I hereby acknowledge and bind myself for the prosecution of this action and payment of non-discretionary costs in this Court, which may at any time be adjudged against the plaintiffs in the event plaintiffs shall not pay them.

Witness my hand this _13th_ day of September 2018

HOLLY THOMPSON
CLERK & MASTER
FILED CHANCERY COURT
2018 SEP 19 PM 1:38

_Ethan Hargraves_
Surety, Ethan Hargraves 033331

6400 Lee Highway, Suite 101
Address

Chattanooga, TN 37421
City, State, Zip Code

(423)697-4529  FAX(423)634-8886
Telephone

*(Surety on a bond for costs shall not be released from the obligation as surety until there is a provision for a substitute surety)*

IN THE CHANCERY COURT OF BRADLEY COUNTY, TENNESSEE

JAMES F. JUSTICE,                          )
                                           )
    Plaintiff,                             )          No. 2018-CV-312
                                           )
v.                                         )          JURY DEMAND
                                           )
LEE UNIVERSITY,                            )
                                           )
    Defendant.                             )

## ANSWER

Defendant Lee University, by and through counsel, hereby submits the following answer to the Complaint filed against it herein.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to state a cause of action or claim against Defendant upon which relief may be granted.

## SECOND DEFENSE

In response to the numbered allegations of the Complaint, Defendant states:

1.    The allegations of Paragraph 1 are admitted upon information and belief, except that Plaintiff's termination was effective on September 22, 2017.

2.    The allegations of Paragraph 2 are admitted.

3.    The jurisdiction and venue of this Court are admitted. The remaining allegations of Paragraph 3, however, do not warrant a response from Defendant. Said allegations attempt only to characterize the nature of Plaintiff's causes of action. That said, any inference within those allegations suggesting that Defendant is liable to Plaintiff is specifically denied.

4.    The allegations of Paragraph 4 are admitted, except that Plaintiff's termination was effective on September 22, 2018.

5.    The allegations of Paragraph 5 are admitted.

6.    The allegations of Paragraph 6 are admitted.

7.    It is admitted that on September 3, 2017, Plaintiff reported that he was experiencing pain and that he was allowed to leave work early. It is further admitted and/or averred that Tyler Allen advised Plaintiff that Defendant's policy required a return-to-work release. To the extent inconsistent with the aforesaid admission and/or averment, the remaining allegations of Paragraph 7 are denied.

8.    It is admitted upon information and belief that Plaintiff is a veteran and receives medical services through the Veteran's Administration. As to the remaining allegations of Paragraph 8, however, Defendant lacks sufficient information or knowledge to verify the accuracy of the same and, as such, denies those allegations at this time.

9.    It is admitted that Plaintiff reported to Mr. Allen that he had a doctor's appointment scheduled for September 8, 2017. As to the remaining allegations of Paragraph 9, however, Defendant lacks sufficient information or knowledge to verify the accuracy of the same and, as such, denies those allegations at this time.

10.    It is admitted that Plaintiff reported to his supervisor that he had an appointment for a stress test scheduled for September 15, 2017. As to the remaining allegations of Paragraph 10, however, Defendant lacks sufficient information or knowledge to verify the accuracy of the same and, as such, denies those allegations at this time.

11.    It is admitted that on September 8, 2017, Plaintiff contacted Defendant's human resources department and requested information regarding possible FMLA leave. To the extent inconsistent with the aforementioned admission, the remaining allegations of Paragraph 11 are denied.

2

12.   The allegations of Paragraph 12 are admitted.

13.   It is admitted that on September 15, 2017, Plaintiff advised his supervisor that any release to return to work was dependent upon the results of his stress test. To the extent inconsistent with the aforesaid admission, the remaining allegations of Paragraph 13 are denied.

14.   It is admitted that on September 18, 2017, Plaintiff advised his supervisor that his test results were normal. To the extent inconsistent with the aforesaid admission, the remaining allegations of Paragraph 14 are denied.

15.   It is admitted that on September 19, 2017, Plaintiff advised his supervisor that he had received a call from his doctor's office saying that paperwork would be available for pick-up the next day. It is further admitted that Mr. Allen asked Plaintiff if he could stop by on the afternoon of September 19, and Plaintiff did. To the extent inconsistent with the aforesaid admissions, the remaining allegations of Paragraph 15 are denied.

16.   The allegations of Paragraph 16 are admitted.

17.   The allegations of Paragraph 17 are admitted.

18.   The allegations of Paragraph 18 are denied.

19.   The allegations of Paragraph 19 are denied.

20.   The allegations of Paragraph 20 are admitted.

21.   The allegations of Paragraph 21 are denied.

22.·  The allegations of Paragraph 22 are denied.

23.   The allegations of Paragraph 23 are denied.

24.   The allegations of Paragraph 24 are denied.

25.   Any and all allegations of the Complaint, including Plaintiff's prayer for relief (subparagraphs (a)-(o)), not otherwise admitted above, are denied.

[7153948v1]

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages, if any.

### FOURTH DEFENSE

The decision to terminate Plaintiff's employment was made in good faith, for legitimate and nondiscriminatory reasons.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to accept Defendant's unconditional offer of reinstatement.

### SIXTH DEFENSE

Defendant is presently without information as to the availability and applicability of any other affirmative defense in addition to those pled above, and expressly reserves the right to amend this Answer to plead any other affirmative defense or matter of avoidance required by the Tennessee Rules of Civil Procedure, which may be revealed as discovery progresses.

WHEREFORE, Defendant respectfully requests that the Complaint filed against it herein be dismissed, with costs, attorney fees, and such other and further relief as this Court deems appropriate issued in its favor.

4

17153948v1

Respectfully submitted,

MILLER & MARTIN PLLC

By: _Megan B. Welton_
    John R. Bode, BPR No. 11415
    Megan B. Welton, BPR No. 34484

Suite 1200, Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402
Telephone (423)756-6600
Facsimile (423)785-8480
john.bode@millermartin.com
megan.welton@millermartin.com

Attorneys for Defendant

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that an exact copy of this pleading has been served upon counsel for all parties in this action, or upon said parties themselves as required by law, by delivering a copy thereof, or by depositing a copy of the same in the United States Mail, with sufficient postage affixed thereto to ensure delivery to the following:

Joshua Ward, Esq.
6400 Lee Highway, Suite 101
Chattanooga, TN 37421

This 25th day of October, 2018.

By: _Megan B. Welt_

[7153948v1]

# IN THE CHANCERY COURT OF BRADLEY COUNTY
## STATE OF TENNESSEE

JAMES F. JUSTICE,

    Plaintiff,

vs.

LEE UNIVERSITY,

    Defendant.

Case No: 18-C-312

JURY DEMANDED

HOLLY THOMPSON
CLERK & MASTER
FILED CHANCERY COURT
2018 DEC 19 PM 2: 00

---

## NOTICE OF HEARING

---

Massey & Associates, P.C., gives notice to Defendant that there will be a hearing on Plaintiff's Motion to Amend Complaint on **January 7, 2019 at 9:00 a.m.**

This _12_ day of December 2018.

MASSEY & ASSOCIATES, PC

By _____
Joshua R. Ward, BPR: 031329
6400 Lee Highway, Suite 101
Chattanooga TN 37421
Phone: (423) 697-4529
Fax:    (423) 634-8886

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following persons on the day written below:

Leslie T. Foster
SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
601 Market Street
Suite 400
Chattanooga, TN 37402

This _12_ day of December 2018.

MASSEY & ASSOCIATES, PC

By _____
Joshua R. Ward

# IN THE CHANCERY COURT OF BRADLEY COUNTY
## STATE OF TENNESSEE

JAMES F. JUSTICE,        *

                         *

    Plaintiff,         *       Case No: 18-C-312

                         *

                         *

vs.                  *       **JURY DEMANDED**

                         *

LEE UNIVERSITY,     *

                         *

                         *

    Defendant.      *

                         *

2018 DEC 19 PH 2:01

HOLLY THOMPSON
CLERK & MASTER
FILED CHANCERY COURT

## NOTICE OF HEARING

    Massey & Associates, P.C., gives notice to Defendant that there will be a hearing on Plaintiff's Motion to Amend Complaint on **January 7, 2019 at 9:00 a.m.**

    This _12_ day of December 2018.

                      MASSEY & ASSOCIATES, PC

                      By

                      Joshua R. Ward, BPR: 031329
                      6400 Lee Highway, Suite 101
                      Chattanooga TN 37421
                      Phone: (423) 697-4529
                      Fax:   (423) 634-8886

**CERTIFICATE OF SERVICE**

I hereby certify that this document was served on the following persons on the day written below:

Leslie T. Foster
SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
601 Market Street
Suite 400
Chattanooga, TN 37402

This ___12___ day of December 2018.

MASSEY & ASSOCIATES, PC

By:_____
Joshua R. Ward

# IN THE CHANCERY COURT OF BRADLEY COUNTY
## STATE OF TENNESSEE

JAMES F. JUSTICE,　　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　Plaintiff,　　　　　　　　　　 *　　　Case No: 18-C-312
　　　　　　　　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　vs,　　　　　　　　　　　　　　　 *　　　JURY DEMANDED
　　　　　　　　　　　　　　　　　　 *
LEE UNIVERSITY,　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　Defendant.　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *

## MOTION TO AMEND COMPLAINT

Plaintiff hereby requests for this Honorable Court to grant him leave to amend his original Complaint to add claims of disability discrimination and retaliation pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and the Americans with Disabilities Amendments of 2008. As grounds, Plaintiff would show the following:

a. Generally, in order to proceed on a claim under the Americans with Disabilities Act, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC. *See* 42 U.S.C. 2000e-5(e)(1). However, this is not the case with regard to claims under the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21.101, et., seq. Under the Tennessee Human Rights Act, a Plaintiff may file a claim directly in Circuit Court or Chancery Court, without exhausting any administrative remedies. T.C.A. 4-21-311. Under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et

seq, the plaintiff may only file a lawsuit after the EEOC has issued a Notice of Right to Sue. 42 U.S.C. 2000e-5(f)(1); 29 C.F.R. 1601.28(e)(1).

b. Plaintiff filed an EEOC charge in this case.

c. A Notice of Right to Sue letter was issued by the EEOC on November 12, 2018.

Wherefore, Plaintiff requests for this Court to allow Plaintiff to amend his Complaint to add this additional claim. Plaintiff has attached a Proposed Amended Complaint with this Motion.

Respectfully Submitted,

MASSEY & ASSOCIATES, PC

By: _____
Joshua R. Ward BPR # 31329
6400 Lee Highway, Suite 101
Chattanooga TN 37421
Phone: (423) 697-4529
Fax:    (423) 634-8886
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following persons on the day written below:

Leslie Townsend Foster
SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
601 Market Street, Suite 400
Chattanooga, TN 37402
Attorney for Defendant

This ___3rd___ day of November 2018.

MASSEY & ASSOCIATES, PC

By_____
Joshua R. Ward

# IN THE CHANCERY COURT OF BRADLEY COUNTY
## STATE OF TENNESSEE

| | | |
|---|---|---|
| JAMES F. JUSTICE, | * | |
| | * | |
| Plaintiff, | * | Docket No. 18-cv-312 |
| | * | |
| vs | * | |
| | * | Division: |
| LEE UNIVERSITY, | * | |
| | * | JURY DEMANDED |
| Defendant. | * | |
| | * | |

## PROPOSED FIRST AMENDED COMPLAINT

James F. Justice by and through counsel, hereby sues the Defendant, Lee University for disability discrimination and retaliatory discharge under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008, Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq. For his cause of action, Plaintiff states as follows:

### PARTIES

1. Plaintiff James F. Justice is an adult citizen and resident of Bradley County, Tennessee. Mr. Justice was employed by Defendant from February 22, 2017 until his termination on or about September 19, 2017.

2. Defendant, Lee University, is a Tennessee Nonprofit corporation with its Tennessee registered agent located at 1120 N. Ocoee Street, Cleveland, TN 37311-4458. Defendant employed Mr. Justice at a location in Bradley County, Tennessee, at times relevant to this Complaint.

## JURISDICTION AND VENUE

3.  Jurisdiction and venue are proper in this Court because Defendant is doing business in Bradley County, Tennessee, and because a substantial part of the events or omissions giving rise to this cause of action occurred in Bradley County, Tennessee.

## FACTUAL ALLEGATIONS

4.  Defendant employed Plaintiff from February 22, 2017, until he was terminated on September 19, 2017.

5.  Mr. Justice was employed by Defendants as a campus security guard.

6.  During the time that Mr. Justice was employed by Defendant, Tyler Allen was employed by Defendant in a position of management and was Mr. Justices' supervisor.

7.  Mr. Justice was experiencing chest pains at work on September 3, 2017 and was sent home by Tyler Allen and told he could not return to work without a doctor's note.

8.  Mr. Justice is a veteran with a service-related disability and receives his medical services through the Veteran's Administration.

9.  Mr. Justice promptly contacted the VA to schedule an appointment with his doctor and reported to Mr. Allen that he had an appointment on September 8, 2017.

10.  Mr. Justice's saw his VA doctor on September 8, 2017. The doctor ordered a stress test. Mr. Justice reported this to his supervisor and advised his supervisor that he had an appointment for a stress test with the VA on September 15, 2017.

11.  On September 8, 2017, Mr. Justice also directly contacted Defendant's HR Department and told them about his potential medical condition.

12.  On September 12, 2017, Mr. Justice's supervisor, Tyler Allen texted him saying, "What are your thoughts, you feel you could return back and not have any more heart issues?" Mr.

Justice responded saying, "Yes, I feel I can do the job with no problems." Mr. Allen then stated, "Cool. Let's get that test out of the way and a return to work letter that relates to the job description and get back at it." Mr. Justice replied, "Yes Sir, I can't wait to get back."

13.    On September 15, 2017, Mr. Justice advised his supervisor that he would not be released back to work until the results of the stress test were back.

14.    On September 18, 2017, Mr. Justice advised his supervisor that his results were normal and told him that he would be able to pick up the paperwork from his doctor either Tuesday, September 19, 2017 or Wednesday, September 20, 2017.

15.    On September 19, 2017 Mr. Justice advised his supervisor that he had received a call from his doctor's office saying he could pick up the work release note the next day, September 20, 2017. Mr. Allen responded by asking Mr. Justice if he could come in that afternoon, September 19, 2017. Mr. Justice immediately went in as requested.

16.    When Mr. Justice arrived at Tyler Allen's office on September 19, 2017, he was told that he could either resign or be fired because he had violated the leave policy. He was told that if he did not resign by Friday of that week he would be terminated.

17.    Mr. Justice was terminated on September 22, 2017 after not providing a letter of resignation. The reason listed on the separation notice for Mr. Justice's termination was simply, "Terminated."

## CAUSE OF ACTION

18.    Plaintiff filed an EEOC charge in this case. A Notice of Right to Sue letter was issued to Plaintiff by the EEOC on November 12, 2018. Therefore, Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the EEOC.

19.    Plaintiff alleges that Defendant discriminated against him and discharged him because of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et

seq., the Americans with Disabilities Amendments of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

20.    Plaintiff alleges that Defendant retaliated against him for engaging in a protected activity related to his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

21.    At all times relevant herein Defendants employed over 15 persons.

22.    At all times relevant herein, Mr. Justice's heart condition constituted a disability, a record of having a disability, or a perceived disability.

23.    Defendants perceived or regarded Mr. Justice's heart condition as a physical or mental impairment that substantially limited one or more of his major life activities, consistent with the definition of "disability" provided under the Americans with Disabilities Act of 1990, 42 U.S.C. § et. Seq., and the Americans with Disabilities Amendments of 2008.

24.    When Defendant terminated Plaintiff's employment, they discriminated against him on the basis of his disability in regard to discharge of employees, advancement, and other terms or conditions of his employment, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

25.    At all times relevant herein, Defendant was vicariously liable for the actions and conduct of their employees, agents and representatives.

26.    Defendant acted with reckless disregard for Plaintiff's protected rights.

27.    Mr. Justice was capable of performing the essential functions of the position of Security Officer as well as other positions available with Defendant.

28. Defendant failed to provide reasonable accommodations for Mr. Justice, failed to appropriately engage in the interactive process and terminated him for engaging in the interactive process.

29. Defendant's actions, as set forth above, were made with malice or reckless indifference to Plaintiff's rights.

30. As a result of Defendant's culpable acts or omissions as set forth herein, Mr. Justice was improperly discriminated against and is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, and attorneys' fees and costs.

## WHEREFORE PLAINTIFF PRAYS:

(a) That Plaintiff be awarded compensation in an amount to be determined at trial for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses;

(b) That the Court award Plaintiff the punitive damages allowed by law,

(c) That the Court award Plaintiff the attorneys' fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law.

(d) The Court award the Plaintiff such other, further, and general relief to which he may be entitled.

(e) That a JURY be empaneled to try this action.

This ___30___ day of November 2018.

Respectfully submitted,
MASSEY & ASSOCIATES, PC

By: _____
Joshua Ward BPR No.: 031329
6400 Lee Highway, Suite 101
Chattanooga TN 37421
Phone: (423) 697-4529
Fax: (423) 634-8886

## IN THE CHANCERY COURT OF BRADLEY COUNTY
## STATE OF TENNESSEE

JAMES F. JUSTICE,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　Plaintiff,　　　　　　　　　　　*　　Case No: 18-C-312
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
vs.　　　　　　　　　　　　　　　　*　　JURY DEMANDED
　　　　　　　　　　　　　　　　　　*
LEE UNIVERSITY,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　Defendant.　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*

---

## ORDER GRANTING LEAVE TO AMEND

---

In this case, Plaintiff has filed a Motion to Amend Complaint to add claims arising out of federal law. Defendant does not oppose the Motion to Amend the Complaint.

It is hereby ORDERED that, pursuant to Rule 15.01 of the Tennessee Rules of Civil Procedure, Plaintiff, James Justice, shall be allowed to amend his Complaint as outlined in Plaintiff's Proposed Amended Complaint.

ENTERED. This ___9___ day of _____ 2019.

_____
CHANCELLOR

*(Signature on following page)*

APPROVED FOR ENTRY:

MASSEY & ASSOCIATES, PC

By: _____
Joshua R. Ward BPR No. 31329
6400 Lee Hwy., Suite 101
Chattanooga, TN 37403
(423) 697-4529
(423) 634-8886 – Fax
Josh@masseyattorneys.com
Attorney for Plaintiff

Miller & Martin

By: _____ Bode (w/ permission JRW)
John R. Bode
Volunteer Building Suite 1200
832 Georgia Avenue
Chattanooga, TN 37402
d (423) 785-8320
f (423) 321-1507

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following persons on the day written below:

Leslie Townsend Foster
SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
601 Market Street, Suite 400
Chattanooga, TN 37402
Attorney for Defendant

This _8_ day of ~~November 2018~~ January 2019.

MASSEY & ASSOCIATES, PC

By _____
Joshua R. Ward

STATE OF TENNESSEE, COUNTY OF BRADLEY
I have this date served upon the attorneys or self
represented litigants in this matter a copy of this
Order by placing the same in the U.S. Mail with
Sufficient postage for delivery.
Docket # 18 CV-312 Entered this 10
Day of Jan 2019
                                    Clerk and Master

K. Oxoxe Deputy Clerk



2019 JAN 15 PM 2:39
HOLLY THOMPSON
CLERK & MASTER
FILED CHANCERY COURT

# IN THE CHANCERY COURT OF BRADLEY COUNTY
## STATE OF TENNESSEE

JAMES F. JUSTICE,

    Plaintiff,

vs

LEE UNIVERSITY,

    Defendant.

    \*
    \*
    \*
    \*
    \*
    \*
    \*
    \*
    \*

**Docket No. 18-cv-312**

**Division:**

**JURY DEMANDED**

---

## FIRST AMENDED COMPLAINT

---

James F. Justice by and through counsel, hereby sues the Defendant, Lee University for disability discrimination and retaliatory discharge under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008, Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq. For his cause of action, Plaintiff states as follows:

<u>PARTIES</u>

1.    Plaintiff James F. Justice is an adult citizen and resident of Bradley County, Tennessee. Mr. Justice was employed by Defendant from February 22, 2017 until his termination on or about September 19, 2017.

2.    Defendant, Lee University, is a Tennessee Nonprofit corporation with its Tennessee registered agent located at 1120 N. Ocoee Street, Cleveland, TN 37311-4458. Defendant employed Mr. Justice at a location in Bradley County, Tennessee, at times relevant to this Complaint.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court because Defendant is doing business in Bradley County, Tennessee, and because a substantial part of the events or omissions giving rise to this cause of action occurred in Bradley County, Tennessee.

## FACTUAL ALLEGATIONS

4. Defendant employed Plaintiff from February 22, 2017, until he was terminated on September 19, 2017.

5. Mr. Justice was employed by Defendants as a campus security guard.

6. During the time that Mr. Justice was employed by Defendant, Tyler Allen was employed by Defendant in a position of management and was Mr. Justices' supervisor.

7. Mr. Justice was experiencing chest pains at work on September 3, 2017 and was sent home by Tyler Allen and told he could not return to work without a doctor's note.

8. Mr. Justice is a veteran with a service-related disability and receives his medical services through the Veteran's Administration.

9. Mr. Justice promptly contacted the VA to schedule an appointment with his doctor and reported to Mr. Allen that he had an appointment on September 8, 2017.

10. Mr. Justice's saw his VA doctor on September 8, 2017. The doctor ordered a stress test. Mr. Justice reported this to his supervisor and advised his supervisor that he had an appointment for a stress test with the VA on September 15, 2017.

11. On September 8, 2017, Mr. Justice also directly contacted Defendant's HR Department and told them about his potential medical condition.

12. On September 12, 2017, Mr. Justice's supervisor, Tyler Allen texted him saying, "What are your thoughts, you feel you could return back and not have any more heart issues?" Mr.

Justice responded saying, "Yes, I feel I can do the job with no problems." Mr. Allen then stated, "Cool. Let's get that test out of the way and a return to work letter that relates to the job description and get back at it." Mr. Justice replied, "Yes Sir, I can't wait to get back."

13.     On September 15, 2017, Mr. Justice advised his supervisor that he would not be released back to work until the results of the stress test were back.

14.     On September 18, 2017, Mr. Justice advised his supervisor that his results were normal and told him that he would be able to pick up the paperwork from his doctor either Tuesday, September 19, 2017 or Wednesday, September 20, 2017.

15.     On September 19, 2017 Mr. Justice advised his supervisor that he had received a call from his doctor's office saying he could pick up the work release note the next day, September 20, 2017. Mr. Allen responded by asking Mr. Justice if he could come in that afternoon, September 19, 2017. Mr. Justice immediately went in as requested.

16.     When Mr. Justice arrived at Tyler Allen's office on September 19, 2017, he was told that he could either resign or be fired because he had violated the leave policy. He was told that if he did not resign by Friday of that week he would be terminated.

17.     Mr. Justice was terminated on September 22, 2017 after not providing a letter of resignation. The reason listed on the separation notice for Mr. Justice's termination was simply, "Terminated."

CAUSE OF ACTION

18.     Plaintiff filed an EEOC charge in this case. A Notice of Right to Sue letter was issued to Plaintiff by the EEOC on November 12, 2018. Therefore, Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the EEOC.

19.     Plaintiff alleges that Defendant discriminated against him and discharged him because of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et

seq., the Americans with Disabilities Amendments of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

20.     Plaintiff alleges that Defendant retaliated against him for engaging in a protected activity related to his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

21.     At all times relevant herein Defendants employed over 15 persons.

22.     At all times relevant herein, Mr. Justice's heart condition constituted a disability, a record of having a disability, or a perceived disability.

23.     Defendants perceived or regarded Mr. Justice's heart condition as a physical or mental impairment that substantially limited one or more of his major life activities, consistent with the definition of "disability" provided under the Americans with Disabilities Act of 1990, 42 U.S.C. § et. Seq., and the Americans with Disabilities Amendments of 2008.

24.     When Defendant terminated Plaintiff's employment, they discriminated against him on the basis of his disability in regard to discharge of employees, advancement, and other terms or conditions of his employment, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Amendments of 2008, the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. 4-21-101, et. seq.

25.     At all times relevant herein, Defendant was vicariously liable for the actions and conduct of their employees, agents and representatives.

26.     Defendant acted with reckless disregard for Plaintiff's protected rights.

27.     Mr. Justice was capable of performing the essential functions of the position of Security Officer as well as other positions available with Defendant.

28. Defendant failed to provide reasonable accommodations for Mr. Justice, failed to appropriately engage in the interactive process and terminated him for engaging in the interactive process.

29. Defendant's actions, as set forth above, were made with malice or reckless indifference to Plaintiff's rights.

30. As a result of Defendant's culpable acts or omissions as set forth herein, Mr. Justice was improperly discriminated against and is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other non-pecuniary losses, and attorneys' fees and costs.

<u>WHEREFORE PLAINTIFF PRAYS</u>:

(a) That Plaintiff be awarded compensation in an amount to be determined at trial for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses;

(b) That the Court award Plaintiff the punitive damages allowed by law.

(c) That the Court award Plaintiff the attorneys' fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law.

(d) The Court award the Plaintiff such other, further, and general relief to which he may be entitled.

(e) That a JURY be empaneled to try this action.

This ___15___ day of January 2019.

Respectfully submitted,

**MASSEY & ASSOCIATES, PC**

By: _____

Joshua Ward, BPR No.: 031329
6400 Lee Highway, Suite 101
Chattanooga TN 37421
josh@masseyattorneys.com
Phone: (423) 697-4529
Fax:      (423) 634-8886
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following persons on the day written below:

John R. Bode
MILLER & MARTIN
832 Georgia Avenue, Suite 1000
Chattanooga, TN 37402
John.bode@millermartin.com
Attorney for Defendant

This _15_ day of January 2019.

MASSEY & ASSOCIATES, PC

By
Joshua R. Ward